UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COLLETTE RAMSEY,

    Plaintiff,

vs.                                                       Case No. 13-12383

THE CITY OF HIGHLAND PARK,            HON. AVERN COHN
a municipal corporation,

    Defendant.
_____/

## MEMORANDUM AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS
## (Doc. 5)

### I. Introduction

This is an employment case. Plaintiff Collette Ramsey (Ramsey) is a former employee of defendant, the City of Highland Park (the City). Ramsey claims that she was constructively discharged from her employment after she complained to public officials regarding illegal conduct by the City. The complaint runs 62 paragraphs, 54 of which detail Ramsey's allegations.

Before the Court is the City's motion to dismiss under Fed. R. Civ. P. 12(b)(6). For the reasons that follow, the motion is DENIED.

### II. Background

### A.

The following facts are gleaned from the complaint:

Ramsey was hired on January 2, 2012 by the City and given the title of Executive Assistant and Chief of Staff to Mayor Windom. After her hire, Ramsey was given the

additional title of Marketing Coordinator for the "Neighborhood Stabilization Program 2 " (NSP2).  NSP2 is a federally funded program to help the City develop residential homes within the City.  Several employees of the City were given extra titles under the NSP2 program for which they received additional compensation from the City, funded by the federal government.  As compensation for her added responsibilities as Marketing Coordinator, Ramsey was promised an additional $1500, on top of her $30,000 salary as an Executive Assistant.  Ramsey alleges that Sandy McDonald, a City employee and Director of the NSP2 program, promised her the extra compensation.  McDonald told Ramsey to submit monthly invoices along with an advertising plan.  Ramsey sent invoices in March, April and May of 2012.  However, Ramsey was never paid on those invoices unlike other City employees also working on the NSP2 program..

In May 2012, Ramsey complained to McDonald that she had not been paid.  McDonald told Ramsey that there were issues with her "amended contract" and that City Council was not going to vote upon her amended contract.  Ramsey was also told by another City employee that the City Treasurer and/or City Clerk would not sign her check at the behest of City Councilman Woodward.

In May of 2012, the City hired Trinity Marketing to perform marketing services for the NSP2 program for $6,5000 per month.  City Councilman Woodward has personal and business connections with Trinity Marketing.

On June 14, 2012, the City attorney wrote a letter to the City Council stating that the City had an obligation to pay her.

Ramsey informed the City attorney and state officials in the Public Integrity Unit regarding these matters.

Ramsey learned in June of 2012, after she left the City, that the City was not paying her unemployment insurance and apparently the State of Michigan had no record of her employment with the City.

### B.

The complaint asserts the following claims (1) unjust enrichment, and (2) a violation of § 1983 based on retaliation for asserting her First Amendment rights.

### III.  Legal Standard

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the sufficiency of a complaint.  To survive a Rule 12(b)(6) motion to dismiss, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007).  See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio, 502 F.3d 545, 548 (6th Cir.2007).  The court is "not bound to accept as true a legal conclusion couched as a factual allegation." Aschcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (internal quotation marks and citation omitted).  Moreover, "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Id.  Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.  In sum, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a

claim for relief that is plausible on its face." Id. at 1949 (internal quotation marks and citation omitted).

## IV.  Analysis

The City's motion presents detailed arguments attacking Ramsey's claims, arguing that she had not plead a plausible claim for relief.  The City's arguments include the following: (1) Ramsey has not alleged a claim sufficient to create municipal liability, (2) she has not alleged a causal connection between her speech and an adverse employment action, (3) the speech identified in the complaint is not a matter of public concern, (4) Ramsey has not established that she was retaliated against for her speech, and (5) she cannot establish that she was unjustly enriched.

The City's arguments are directed at the substance of Ramsey's claims and are more appropriate for summary judgment than a motion to dismiss.  While the complaint could be more precise in its allegations, a fair reading leads to the conclusion that Ramsey has stated plausible claims for relief.  Whether or not her claims are borne out after discovery is another matter.

As Ramsey states in her response regarding her constitutional claim:

Plaintiff's Complaint specifically alleges that she complained to the city's legal department and also to the Public Integrity Unit of the State of Michigan of Defendant's concerning violations of various laws respecting her employment with Defendant. Complaint ¶ 29.  According to Plaintiff's Complaint, she was constructively terminated after she complained of Defendant's illegal conduct under the Neighborhood Stabilization Program 2.  Complaint ¶¶ 29-30. Additionally, paragraphs 31and 32 of the Complaint set forth facts supporting the logical inference that Defendants refusal to compensate Plaintiff was plausibly in retaliation for her complaints respecting Defendant's illegal conduct.

(Doc. 8-1 at p. 2)

Based upon the allegations of fact in the Complaint (which must be

4

> accepted as true), this Court has to conclude, *inter alia,* the following: Plaintiff was employed by the Defendant; Plaintiff was promised extra compensation by Defendant for additional work performed under a federal grant program, NSP2; Plaintiff criticized Defendant and complained to the city attorney and the Public Integrity Unit of the State of Michigan, regarding Defendant's management of federal funds under the NSP2 program; Defendant accepted federal monies under the federal grant NSP2 program; Defendant made a purposeful, deliberate decision not to pay Plaintiff for the work she performed under the federal grant NSP2 program; Defendant paid extra compensation to Plaintiff's co-employees under the federal grant NSP2 program, who did not criticize Defendant; Plaintiff's speech pertained to a matter of public concern; Defendant's city clerk, city treasurer and city council had final policy making authority regarding the Defendant's decision not to pay Plaintiff. Based upon the enumerated facts above, this Court may permissibly infer that Defendant's refusal to pay Plaintiff was in retaliation for Plaintiff's complaints to the city attorney and the Public Integrity Unit of the State of Michigan.

(Id. at p. 5-6).

Moreover, as to municipal liability, a single decision by an executive of a municipality may be sufficient to constitute a policy under 42 U.S.C. §1983. See Pembaur v. City of Cincinnati, 475 U.S. 469, 480; 106 S. Ct. 1292; 89 L. Ed. 2d 452 (1986). The Court is not inclined to find that Ramsey has failed to allege a plausible claim for relief against the City at this time.

Overall, Ramsey has set forth sufficient factual allegations to state a plausible claim for relief, i.e. that she was retaliated against for speaking out about her treatment and the NSP2 program, leading to her constructive discharge.

As to her unjust enrichment claim, the complaint alleges that both the city clerk and the city treasurer refused to sign her check for services she performed, She does not allege that the city council failed to approve her payments. Rather, she alleges:

> City employee Ernestine Williams informed Plaintiff that she (Ernestine Williams) had Plaintiff's check in her department and the City Clerk Janice Bibbs would not sign her check and Brenda Green the City Treasurer had also refused to sign

Plaintiff's check for unknown reasons.

Complaint at ¶19.

Accepted as true, one can plausibly infer that Ramsey's check had been approved by the council and that City officials with final decision making authority subsequently refused to sign her checks for payment for services she provided under the NSP2 program. That is sufficient to state an unjust enrichment claim.

SO ORDERED.


S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: August 2, 2013


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, August 2, 2013, by electronic and/or ordinary mail.

S/Sakne Chami
Case Manager, (313) 234-5160